# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-19-00290-CR

**William McCurley, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE 167TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-DC-15-201429, THE HONORABLE P. DAVID WAHLBERG, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant William McCurley seeks to appeal from a judgment revoking community supervision for the offense of delivery of a controlled substance. *See* Tex. Health & Safety Code § 481.112. The trial court imposed sentence on February 12, 2019, and because no motion for new trial was filed, the deadline for McCurley to perfect his appeal was March 14, 2019. *See* Tex. R. App. P. 26.2(a)(1), (2) (appeal perfected in criminal case when notice of appeal is filed within 30 days after day sentence is imposed or suspended in open court or within 90 days after sentencing, if the defendant timely files motion for new trial). However, McCurley did not file his notice of appeal with the trial court until April 30, 2019. *See id.* R. 25.1 (providing that appeal is perfected when notice is filed with trial court clerk).

This Court's appellate jurisdiction in a criminal case is invoked by a timely filed notice of appeal. *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996) ("A timely notice of appeal is necessary to invoke a court of appeals' jurisdiction."). Because McCurley did

not timely file his notice of appeal, we lack jurisdiction to dispose of his attempted appeal in any manner other than dismissing it for want of jurisdiction. *See Castillo v. State*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012). Accordingly, we dismiss the appeal for want of jurisdiction.[1]

_____

Chari L. Kelly, Justice

Before Justices Goodwin, Baker, and Kelly

Dismissed for Want of Jurisdiction

Filed:   July 12, 2019

Do Not Publish

---

[1]   The remedy for a late-filed notice of appeal is to file a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals for consideration of an out-of-time appeal. *See* Tex. Code Crim. Proc. art. 11.07.